UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

# 99-1053 CIV-LENARD

MAGISTRATE JUDGE
TURNOFF

WILSON BARON, MICHAEL BLEICH,
EUGENIO E. BRAVO, JEAN-CLAUDE
BRIERRE, LARRY BUTLER, STEVY
BUTLER, MIGUEL A. CESPEDES,
LOUIS CRESPO, BENJAMIN CRUZ,
WILLIAM H. CURRY, ROBERT
CZEREMCHA, FELIPE DeARMAS,
JORGE M. DIAZ, JOHN DIKEMAN,
JUAN C. FERNANDEZ, MARILOLY
FERNANDEZ de CASTRO, LEANDRO
FERREIRO, RAVI GOKOOL, RAUL
GONZALEZ, ANTHONY GRACE,
DAVE HUTCHINSON, CLAUDIO JAVIER,
LUIS LATRONICO, JIMMY LIRIANO,
JUAN MATOS, JUSTIN McNEILL, LONNIE
MILLER, DANIEL A. PENA, ROBERTO
PEREA, JOSEPH R. PIERRE, VICENTE
PINEIRO, KEVIN A. RAMSON, HUGO
ROCHE, WILLIAM S. ROSE, JORGE
E. SANTIN, JOSE SERRANO, GREGORY
SMITH, LEON TAYLOR, HUGO VALDES,
WALTER VALLE, GUILLERMO VANONI,
KAMER VARTANYAN, DANIEL VICKENS,
JUSTIN VINCENT, and LARRY
YOUNGBLOOD, on behalf of himself and all
others similarly situated,



    Plaintiffs,

v.

QUALITY AIRCRAFT SERVICES, INC.
a Florida corporation, CLARENCE COOPER,
ARTHUR WRIGHT, JOHNNIE SIMMONS,
AMOS BROWN, individually, AMERICAN
AIRLINES, INC., a Delaware corporation, and
AMR SERVICES CORPORATION, a
Delaware corporation,

    Defendants.

_____/



# COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiffs, WILSON BARON, MICHAEL BLEICH, EUGENIO E. BRAVO, JEAN-CLAUDE BRIERRE, LARRY BUTLER, STEVY BUTLER, MIGUEL A. CESPEDES, LOUIS CRESPO, BENJAMIN CRUZ, WILLIAM H. CURRY, ROBERT CZEREMCHA, FELIPE DeARMAS, JORGE M. DIAZ, JOHN DIKEMAN, JUAN C. FERNANDEZ, MARILOLY FERNANDEZ de CASTRO, LEANDRO FERREIRO, RAVI GOKOOL, RAUL GONZALEZ, ANTHONY GRACE, DAVE HUTCHINSON, CLAUDIO JAVIER, LUIS LATRONICO, JIMMY LIRIANO, JUAN MATOS, JUSTIN McNEILL, LONNIE MILLER, DANIEL A. PENA, ROBERTO PEREA, JOSEPH R. PIERRE, VICENTE PINEIRO, KEVIN A. RAMSON, HUGO ROCHE, WILLIAM S. ROSE, JORGE E. SANTIN, JOSE SERRANO, GREGORY SMITH, LEON TAYLOR, HUGO VALDES, WALTER VALLE, GUILLERMO VANONI, KAMER VARTANYAN, DANIEL VICKENS, JUSTIN VINCENT, and LARRY YOUNGBLOOD, on behalf of himself and all others similarly situated, by and through their undersigned counsel, sue the Defendants' QUALITY AIRCRAFT SERVICES, INC, a Florida corporation, CLARENCE COOPER, ARTHUR WRIGHT, JOHNNIE SIMMONS, AMOS BROWN, individually, AMERICAN AIRLINES, INC., a Delaware corporation, and AMR SERVICES CORPORATION, a Delaware corporation, and in their cause of action declare and avert as follows:

1. Plaintiffs WILSON BARON et al., are or were at all relevant times employees of QUALITY AIRCRAFT SERVICES, INC., a Florida Corporation (hereinafter referred to as "QUALITY") and bring this action on behalf of themselves and other employees and former employees of QUALITY, for compensation and other relief pursuant to the Fair Labor Standards Act

as amended (the "FLSA" or the "Act"), 29 U. C. S. § 201 et seq.

2. Plaintiffs WILSON BARON et al., are or were during all relevant times citizens and residents of Miami-Dade County, Florida within the jurisdiction of this court.

3. Defendant QUALITY AIRCRAFT SERVICES, INC. is a Florida corporation with its principal place of business at 7200 N. W. 19th Street, Suite No. 405, Miami, Florida 33126.

4. Defendant CLARENCE COOPER ("COOPER") is a resident of Miami-Dade County, Florida and was and now is a co-owner of Defendant QUALITY.

5. Defendant COOPER acted and acts directly in the interests of Defendant QUALITY. Thus, Defendant COOPER was and is an employer of Plaintiffs WILSON BARON, et al., and all others similarly situated employees, at all relevant times within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

6. Defendant ARTHUR WRIGHT ("WRIGHT") is a resident of Miami-Dade County, Florida and was and now is a co-owner of Defendant QUALITY.

7. Defendant WRIGHT acted and acts directly in the interests of Defendant QUALITY. Thus, Defendant WRIGHT was and is an employer of Plaintiffs WILSON BARON, et al., and all others similarly situated employees, at all relevant times within the meaning section 3(d) of the Act (29 U.S.C. § 203(d)).

8. Defendant JOHNNIE SIMMONS ("SIMMONS") is a resident of Miami-Dade County, Florida and was and now is a co-owner of Defendant QUALITY.

9. Defendant SIMMONS acted and acts directly in the interests of Defendant QUALITY. Thus, Defendant SIMMONS was and is an employer of Plaintiffs WILSON BARON, et al., and all others similarly situated employees, at all relevant times within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

10. Defendant AMOS BROWN ("BROWN") is a resident of Miami-Dade County, Florida and was and now is a co-owner of Defendant QUALITY.

11. Defendant BROWN acted and acts directly in the interests of Defendant QUALITY. Thus, Defendant BROWN was and is an employer of Plaintiffs WILSON BARON, et al., and all others similarly situated employees, at all relevant times within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

12. Defendant AMERICAN AIRLINES, INC. ("AMERICAN AIRLINES") is a Delaware corporation doing business in Miami-Dade County, Florida, more specifically at Miami International Airport.

13. Defendant AMERICAN AIRLINES was and is an employer of Plaintiffs WILSON BARON, et al., and all similarly situated employees, at all relevant times pursuant to 29 C.F.R. § 791.2.

14. Defendant AMR SERVICES CORPORATION ("AMR") is a Delaware corporation doing business in Miami-Dade County, Florida, more specifically at Miami International Airport.

15. Defendant AMR was and is an employer of Plaintiffs WILSON BARON, et al., and all similarly situated employees, at all relevant times pursuant to 29 C.F.R. § 791.2.

16. Jurisdiction is based on 29 U.S.C. 216(B), 28 U.S.C. 1331, AND U.S.C. 1337. Declaratory relief is authorized by 28 U.S.C. 2201 and 2202 and Rule 57, Federal Rule of Procedure.

17. Venue is proper in the Southern District of Florida, since all the acts and transactions complained of herein all occurred within this District and the County of Miami-Dade.

18. On or about April 14, 1999 to the present time, Defendants employed Plaintiffs WILSON BARON, et al., and all others similarly situated employees, as Skycappers in connection with the business of Defendant QUALITY.

19. During the respective periods of their employment by Defendants, Plaintiffs WILSON BARON, et al., and all others similarly situated employees, were engaged in transporting baggage within the terminal and curbside check-in for domestic and international passengers traveling through Miami International Airport.

20. In performing the operations herein above described, Plaintiffs WILSON BARON, et al., and all others similarly situated employees, were engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r), 203(s).

21. On information and belief, the annual gross revenue of Defendant QUALITY was at all times material hereto in excess of $500,000 per annum.

22. On information and belief, the annual gross revenue of Defendant AMERICAN AIRLINES was at all times material hereto in excess of $500,000 per annum.

23. On information and belief, the annual gross revenue of Defendant AMR was at all times material hereto in excess of $500,000 per annum.

24. By reason of such employment Plaintiffs WILSON BARON, et al., and all others similarly situated employees, were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. 206(a) and 207(a).

25. Plaintiffs WILSON BARON, et al., and all others similarly situated employees, are forced to pay $50.00 per alleged mis-checked bag to Defendant QUALITY.

26. These payments are not voluntary and Plaintiffs WILSON BARON, et al., and all others similarly situated employees, who refuse to pay mis-check fee face termination.

27. These payments for mis-checked bags by Plaintiffs WILSON BARON, et al., and all others similarly situated employees lowered their hourly wage below $2.13 an hour in direct wages they are entitled to receive.

28. Plaintiffs WILSON BARON, et al., and all others similarly situated employees are now and have in the past been assigned to do wheelchair assignments.

29. Wheelchair service is a non-tipped occupation.

30. For the hours that Plaintiffs WILSON BARON, et al., and all others similarly situated employees, work the non-tipped wheelchair assignments they are paid $2.13 and hour in violation of 29 U.S.C. § 203.

## COUNT I
## RECOVERY FOR MINIMUM WAGE VIOLATION OF TIPPED EMPLOYEES

Plaintiffs WILSON BARON, et al., and all others similarly situated employees' reaver and reallege all allegations contained in paragraphs 1 through 30 as if fully set forth herein.

31. Plaintiffs WILSON BARON, et al., and all others similarly situated employees are entitled to receive the full cash minimum wage in addition to tips they should have received.

32. Plaintiffs WILSON BARON, et al., and all others similarly situated employees are entitled to be paid and/or reimbursed for all mis check bag fees paid to Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, and AMR with interest.

33. By reason of the said intentional, willful and unlawful acts of the Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, and AMR, Plaintiffs WILSON BARON, et al., and all others similarly situated employees have suffered damages and have incurred reasonable attorneys' fees and costs.

34. As a result of Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, and AMR's willful violation of the FLSA, Plaintiffs WILSON BARON, et al., and all others similarly situated employees are entitled to liquidated damages in an equal amount to that set forth in paragraph 31 and 32.

35. Most records concerning the number of wheelchair assignments and mis-checked bag fees paid by Plaintiffs WILSON BARON, et al., and all others similarly situated employees are in the exclusive possession and sole custody and control of Defendants. Plaintiffs WILSON BARON, et al., and all other similarly situated employees, are unable to state at this time the exact amount due to owing them or each similarly situated employees. Plaintiffs WILSON BARON, et al., and all other similarly situated employees, propose to obtain such information by appropriate discovery to be taken promptly in this case.

**PLAINTIFFS WILSON BARON, ET AL., AND ALL OTHERS SIMILARLY SITUATED EMPLOYEES DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

WHEREFORE, Plaintiffs WILSON BARON, et al., and all others similarly situated employees, who have or will opt into this lawsuit, demand judgment against the Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, and AMR, for the wages due to them for the hours worked by them for which they have not been properly compensated, reimbursement of mis-checked bag fee payments, liquidated damages, attorneys' fees and costs of suit and for all other relief the Court deems just and proper, including prejudgment interest, and order Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, and AMR, to permanently enjoin them from future violations of the FLSA.

Dated this _____ day of April, 1999.

Respectfully submitted,

JORGE DIAZ-CUETO & ASSOCIATES, P.A.
169 East Flagler Street
Suite 1527
Miami, Florida 33131
Telephone No.: (305) 381-9188
Telefax No.: (305) 381-9194

and

De CORDOBA & CASSELLS, P.A.
2 Alhambra Plaza
Suite 802
Coral Gables, Florida 33134

and

ALVAREZ, ARMAS, & BORRON, P.A.
Co-Counsel for Plaintiff
255 University Drive
Coral Gables, Florida 33134
Telephone No.: (305) 461-5100
Telefax No.: (305) 461-8642

and

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
255 University Drive
Coral Gables, Florida 33134
Telephone No.: (305) 461-5100
Telefax No.: (305) 461-8642

By: _____
JORGE DIAZ-CUETO, ESQUIRE
Florida Bar No.: 143367

# CIVIL COVER SHEET  99-1053

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
WILSON BARON, et al., and all others similarly situated

**DEFENDANTS**
Quality Aircraft Services, Inc., et al.

CIV-LENARD
MAGISTRATE JUDGE TURNOFF

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

AB: Dade / 99cv1053 / Lenard / WCT

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jorge Diaz-Cueto & Assoc., P.A., 169 East Flagler St., Ste. 1527, Miami, FL 33131

**ATTORNEYS (IF KNOWN)**
N/A

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated of Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS PERSONAL INJURY | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| [ ] 110 Insurance | [ ] 310 Airplane / [ ] 362 Personal Injury-Med Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 States Reappointment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury-Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personnel Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. B |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) B | [ ] 345 Marine Product Liability / [ ] 371 Truth in Lending B | [ ] 660 Occupational Safety/Health | B SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits B | [ ] 350 Motor Vehicle / [ ] 380 Other Personnel Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholder's Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 385 Property Damage Product Liability | A LABOR | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12USC3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [X] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor Management Relations B | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS / B PRISONER PETITIONS | [ ] 730 Labor Management Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | A FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure B | [ ] 442 Employment / Habeas Corpus | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 530 General * | [ ] 791 Employee Ret. Inc. Security Act B | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other * | | | [ ] 890 Other Statutory Actions * |
| [ ] 290 All Other Real Property | [ ] 550 Civil Rights * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- [X] 1. Original Proceeding
- [ ] 2. Removed From State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (Specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A [ ] CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ ___    Check YES only if demanded in complaint: JURY DEMAND: [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ___ DOCKET NUMBER ___

DATE 04-14-99

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 800057
Date Paid: 04/14/99
Amount: 150.00
M/ifp: ___