UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 99-1053-CIV-LENARD
Magistrate Judge Turnoff

FILED BY 98 D.C.
99 MAY 24 PM 2:53

WILSON BARON, MICHAEL BLEICH, EUGENIO E. BRAVO, JEAN-CLAUDE BRIERRE, LARRY BUTLER, STEVY BUTLER, MIGUEL A. CESPEDES, LOUIS CRESPO, BENJAMIN CRUZ, WILLIAM H. CURRY, ROBERT CZEREMCHA, FELIPE DeARMAS, JORGE M. DIAZ, JOHN DIKEMAN, JUAN C. FERNANDEZ, MARILOLY FERNANDEZ de CASTRO, LEANDRO FERREIRO, RAVI GOKOOL, RAUL GONZALEZ, ANTHONY GRACE, DAVE HUTCHINSON, CLAUDIO JAVIER, LUIS LATRONICO, JIMMY LIRIANO, JUAN MATOS, JUSTIN McNEILL, LONNIE MILLER, DANIEL A. PENA, ROBERTO PEREA, JOSEPH R. PIERRE, VICENTE PINEIRO, KEVIN A. RAMSON, HUGO ROCHE, WILLIAM S. ROSE, JORGE E. SANTIN, JOSE SERRANO, GREGORY SMITH, LEON TAYLOR, HUGO VALDES, WALTER VALLE, GUILLERMO VANONI, KAMER VARTANYAN, DANIEL VICKENS, JUSTIN VINCENT, and LARRY YOUNGBLOOD, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

QUALITY AIRCRAFT SERVICES, INC. a Florida corporation, CLARENCE COOPER, ARTHUR WRIGHT, JOHNNIE SIMMONS, AMOS BROWN, individually, AMERICAN AIRLINES, INC., a Delaware corporation, AMR SERVICES CORPORATION, a Delaware corporation, and, WORLDWIDE FLIGHT SERVICES, INC., a Florida corporation,

Case No.: 99-1053-CIV-LENARD
Magistrate Judge Turnoff

**Defendants.**
_______________________________________/

Plaintiffs, WILSON BARON, MICHAEL BLEICH, EUGENIO E. BRAVO, JEAN-CLAUDE BRIERRE, LARRY BUTLER, STEVY BUTLER, MIGUEL A. CESPEDES, LOUIS CRESPO, BENJAMIN CRUZ, WILLIAM H. CURRY, ROBERT CZEREMCHA, FELIPE DeARMAS, JORGE M. DIAZ, JOHN DIKEMAN, JUAN C. FERNANDEZ, MARILOLY FERNANDEZ de CASTRO, LEANDRO FERREIRO, RAVI GOKOOL, RAUL GONZALEZ, ANTHONY GRACE, DAVE HUTCHINSON, CLAUDIO JAVIER, LUIS LATRONICO, JIMMY LIRIANO, JUAN MATOS, JUSTIN McNEILL, LONNIE MILLER, DANIEL A. PENA, ROBERTO PEREA, JOSEPH R. PIERRE, VICENTE PINEIRO, KEVIN A. RAMSON, HUGO ROCHE, WILLIAM S. ROSE, JORGE E. SANTIN, JOSE SERRANO, GREGORY SMITH, LEON TAYLOR, HUGO VALDES, WALTER VALLE, GUILLERMO VANONI, KAMER VARTANYAN, DANIEL VICKENS, JUSTIN VINCENT, and LARRY YOUNGBLOOD, on behalf of themselves and all others similarly situated, (hereinafter "Plaintiffs"), by and through their undersigned counsel, sue the Defendants' QUALITY AIRCRAFT SERVICES, INC, a Florida corporation, CLARENCE COOPER, ARTHUR WRIGHT, JOHNNIE SIMMONS, AMOS BROWN, individually, AMERICAN AIRLINES, INC., a Delaware corporation, AMR SERVICES CORPORATION, a Delaware corporation, and, WORLDWIDE FLIGHT SERVICES, INC., a Florida corporation (hereinafter "Defendants") and in their cause of action state:

**CLAIM FOR MINIMUM WAGE VIOLATION OF TIPPED EMPLOYEES**

INTRODUCTION

1. Plaintiffs, are suing Defendants for failure to pay them the required minimum wage

in violation of the Fair Labor Standard Act (the "FLSA "or the "Act"), 29 U.S.C. Section 201 et seq.

2. Plaintiffs are employed as Skycappers by the Defendants at Miami International Airport. As Skycappers, they load and transport baggage. This is a tipped position. Plaintiffs are paid $2.13 an hour which is the allowed minimum wage for tipped positions.

3. Defendants have instituted and maintained several improper employment practices that result in Plaintiffs being paid less than the minimum wage that they are entitled to.

4. These practices by Defendants include, but are not limited to, mandating that Plaintiffs buy and maintain uniforms, forcing Plaintiffs to pay a fine for allegedly losing or mishandling baggage and requiring Plaintiffs to work shifts on wheelchair assignment and/or at the counter for $2.13 an hour even though these assignments are non-tipped positions.

**THE PARTIES**

5. The named Plaintiffs, WILSON BARON et al., are or were at all times relevant to this action, employees of QUALITY AIRCRAFT SERVICES, INC., a Florida corporation (hereinafter referred to as "QUALITY") and bring this action on behalf of themselves and other employees and former employees of QUALITY, for compensation and other relief pursuant to the Fair Labor Standards Act as amended (the "FLSA" or the "Act"), 29 U. S. C. § 201 et seq.

6. Plaintiffs are or were during all relevant times to this action, residents of Dade or Broward County, Florida and therefore within the jurisdiction of this Court.

7. Defendant QUALITY is a Florida corporation with its principal place of business at 7200 N. W. 19th Street, Suite No. 405, Miami, Florida 33126.

8. Defendant CLARENCE COOPER ("COOPER") is a resident of Miami-Dade County,

Florida and was and now is a co-owner of Defendant QUALITY.

9. Defendant COOPER acted and acts directly in the interests of Defendant QUALITY. Thus, Defendant COOPER was and is an employer of Plaintiffs at all times relevant to this action within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

10. Defendant ARTHUR WRIGHT ("WRIGHT") is a resident of Miami-Dade County, Florida and was and now is a co-owner of Defendant QUALITY.

11. Defendant WRIGHT acted and acts directly in the interests of Defendant QUALITY. Thus, Defendant WRIGHT was and is an employer of Plaintiffs at all times relevant to this action within the meaning section 3(d) of the Act (29 U.S.C. § 203(d)).

12. Defendant JOHNNIE SIMMONS ("SIMMONS") is a resident of Miami-Dade County, Florida and was and now is a co-owner of Defendant QUALITY.

13. Defendant SIMMONS acted and acts directly in the interests of Defendant QUALITY. Thus, Defendant SIMMONS was and is an employer of Plaintiffs at all times relevant to this action within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

14. Defendant AMOS BROWN ("BROWN") is a resident of Miami-Dade County, Florida and was and now is a co-owner of Defendant QUALITY.

15. Defendant BROWN acted and acts directly in the interests of Defendant QUALITY. Thus, Defendant BROWN was and is an employer of Plaintiffs at all times relevant to this action within the meaning of section 3(d) of the Act (29 U.S.C. § 203(d)).

16. Defendant AMERICAN AIRLINES, INC. ("AMERICAN AIRLINES") is a Delaware corporation doing business in Miami-Dade County, Florida, more specifically at Miami International

Airport.

17 Defendant AMERICAN AIRLINES was and is an employer of Plaintiffs WILSON BARON, et al., and all similarly situated employees, at all times relevant to this action pursuant to 29 C.F.R. § 791.2.

18. As a joint employer, Defendant AMERICAN AIRLINES shares control of QUALITY's employees, directly and indirectly, by either terminating or recommending the termination of QUALITY's employees.

19. As a joint employer, Defendant AMERICAN AIRLINES shares control of QUALITY's employees, directly and indirectly, by having the power to modify the terms and conditions of employment of QUALITY's employees.

20. Defendant AMR SERVICES CORPORATION ("AMR") is a Delaware corporation doing business in Miami-Dade County, Florida, more specifically at Miami International Airport.

21. Defendant AMR was and is an employer of Plaintiffs WILSON BARON, et al., and all similarly situated employees, at all times relevant to this action pursuant to 29 C.F.R. § 791.2.

22. As a joint employer, Defendant AMR shares control of QUALITY's employees, directly and indirectly, by either terminating or recommending the termination of QUALITY's employees.

23. As a joint employer, Defendant AMR shares control of QUALITY's employees, directly and indirectly, by having the power to modify the terms and conditions of employment of QUALITY's employees.

24. Defendant WORLDWIDE FLIGHT SERVICES, INC. ("WORLDWIDE FLIGHT")

is a Florida corporation doing business in Miami-Dade County, Florida, more specifically at Miami International Airport.

25. Defendant WORLDWIDE FLIGHT was and is an employer of Plaintiffs WILSON BARON, et al., and all similarly situated employees, at all times relevant to this action pursuant to 29 C.F.R. § 791.2.

26. As a joint employer, Defendant WORLDWIDE FLIGHT shares control of QUALITY's employees, directly and indirectly, by either terminating or recommending the termination of QUALITY's employees.

27. As a joint employer, Defendant WORLDWIDE FLIGHT shares control of QUALITY's employees, directly and indirectly, by having the power to modify the terms and conditions of employment of QUALITY's employees.

**JURISDICTIONAL ALLEGATIONS**

28. Pursuant to 29 C.F.R. § 791.2(a), all joint employers, both individually and jointly, are responsible for compliance with all of the applicable provisions of the FLSA.

29. Jurisdiction is based on 29 U.S.C. 216(B), 28 U.S.C. 1331, AND U.S.C. 1337. Declaratory relief is authorized by 28 U.S.C. 2201 and 2202 and Rule 57, Federal Rule of Procedure.

30. Venue is proper in the Southern District of Florida, since all the acts and transactions complained of herein all occurred within this District and the County of Miami-Dade.

31. From the first date of their employment, Plaintiffs have worked as Skycappers. Many of the named Plaintiffs, as well as many other employees that are similarly situated, have worked for the Defendants for more than three years.

32. During their respective periods of employment, Plaintiffs were engaged in transporting baggage within the terminal and curbside check-in for domestic and international passengers traveling through Miami International Airport.

33. In performing these operations, Plaintiffs were engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r), 203(s).

34. On information and belief, the annual gross revenue of Defendant QUALITY was at all times material hereto in excess of $500,000 per annum.

35. On information and belief, the annual gross revenue of Defendant AMERICAN AIRLINES was at all times material hereto in excess of $500,000 per annum.

36. On information and belief, the annual gross revenue of Defendant AMR was at all times material hereto in excess of $500,000 per annum.

37. On information and belief, the annual gross revenue of Defendant WORLDWIDE FLIGHT was at all times material hereto in excess of $500,000 per annum.

38. Plaintiffs were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. 206(a) and 207(a) during the time they worked for the Defendants.

**COUNT I**
**RECOVERY FOR MINIMUM WAGE VIOLATION OF TIPPED EMPLOYEES**

Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 38 as if fully set forth herein.

39. Defendants require that Plaintiffs purchase and wear a uniform. This uniform includes a porter's hat, a shirt identifying Plaintiff as an employee of Defendants, tie and polyester trousers.

40. Plaintiffs were required to buy, launder and press their uniforms as a condition of their employment. Defendants failed to reimburse Plaintiffs for the cost of purchasing, and maintaining their uniforms.

41. As a result of these uniform related expenses, Plaintiffs' wages are or were reduced below the minimum wage for tipped employees.

42. The uniforms that Plaintiffs are forced to buy and maintain identify Plaintiffs as employees and/or agents of American Airlines. Photographs of the required uniform are attached hereto as "Composite Exhibit A", and are incorporate herein by this reference. A copy of the price list of the required uniform is attached hereto as "Composite Exhibit B", and is incorporated herein by this reference.

43. Plaintiffs are forced to pay $50.00 per alleged mis-checked bag to Defendant QUALITY.

44. These payments are not voluntary and Plaintiffs who refuse to pay a mis-check fee face termination.

45. These payments for mis-checked bags by Plaintiffs lowered their hourly wage below the minimum wage for tipped employees.

46. Plaintiffs are regularly assigned to do mandatory wheelchair assignments as part of their job duties.

47. The wheelchair service provided to passengers of Defendant AMERICAN AIRLINES is a non-tipped job assignment.

48. For the hours that Plaintiffs work the non-tipped wheelchair assignments, Plaintiffs

are paid an hourly wage of $2.13 in violation of 29 U.S.C. § 203.

49. Plaintiffs are regularly assigned by Defendant QUALITY to do counter work assignments for several airlines.

50. Counter work assignments are non-tipped job assignments.

51. For the hours that Plaintiffs work the non-tip counter assignments, Plaintiffs are paid an hourly wage of $2.13 in violation of 29 U.S.C. § 203.

52. Plaintiffs were not informed, neither verbally nor in writing that Defendants were utilizing the tip credit provision of the FLSA as required by 29 U.S.C. § 203(m).

53. The consequence of Defendants' failure to give notification to Plaintiffs is that Defendants are barred as a matter of law from claiming entitlement to the tip credit provision of the FLSA. The result is that Plaintiffs must pay the full non-tipped minimum wage to Plaintiffs for the period that they failed to provide this required notice.

54. Defendants knew and or/showed reckless disregard of the provisions of the Act concerning minimum wage compensation by its failure to pay Plaintiffs in accordance with the Act.

55. By reason of the said intentional, willful and unlawful acts of the Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, AMR, and WORLDWIDE FLIGHT, Plaintiffs have suffered damages and have incurred reasonable attorneys' fees and costs.

56. The amount of back wages due each and every Plaintiff is the difference between what Plaintiffs were actually paid during their employment with Defendants and the minimum wage for non-tipped employees in effect at the same time.

57. Plaintiffs are entitled to be reimbursed for the cost of maintaining, laundering, cleaning and pressing their uniforms.

58. In addition to the above, each and every Plaintiff that was fined for mishandling baggage is entitled to reimbursement of the fine that was paid, with interest.

59. As a result of Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, AMR, and WORLDWIDE FLIGHT's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages in an amount equal to the amount that their minimum wages as non-tipped employees have been unpaid.

60. Most records concerning the number of hours worked by Plaintiffs, as well as the number of wheelchair assignments, counter work assignments, and mis-checked bag fees paid by Plaintiffs, are in the exclusive possession and sole custody and control of Defendants. Plaintiffs are therefore unable to state at this time the exact amount that is owed to them. Plaintiffs propose to obtain such information by appropriate discovery to be taken promptly in this case.

WHEREFORE, Plaintiffs who have or will opt into this lawsuit, demand judgment against the Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, AMR, and WORLDWIDE FLIGHT, for the wages due to them at the full non-tipped minimum wage for all the hours worked by them for which they were improperly paid at the minimum wage for tipped employees. Plaintiffs also seek reimbursement of mis-checked bag fee payments, reimbursement for costs of maintaining uniforms, liquidated damages, attorneys' fees and the costs of this suit and for all other relief the Court deems just and proper, including prejudgment interest, and an order against the Defendants QUALITY, COOPER, WRIGHT, SIMMONS, BROWN, AMERICAN AIRLINES, AMR, and WORLDWIDE FLIGHT, that will permanently enjoin them

from current and future violations of the FLSA.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 24 day of May, 1999.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by telefax and U.S. Mail to: **John W. Campbell, Esquire,** HOLLAND & KNIGHT, LLP, 701 Brickell Avenue, Suite 3000, Miami, Florida 33131; **Terence G. Connor, Esquire, Maria L. Narine, Esquire, Devand A. Sukhdeo, Esquire,** MORGAN, LEWIS & BOCKIUS LLP, Counsel for Defendant, American Airlines, Inc., 5300 First Union Financial Center, 200 S. Biscayne Boulevard, Miami, Florida 33131-2339, this 24 day of May, 1999.

Respectfully submitted,

JORGE DIAZ-CUETO & ASSOCIATES, P.A.
169 East Flagler Street - Suite 1527
Miami, Florida 33131
Telephone No.: (305) 381-9188
Telefax No.: (305) 381-9194

and

De CORDOBA & CASSELLS, P.A.
2 Alhambra Plaza - Suite 802
Coral Gables, Florida 33134

and

ALVAREZ, ARMAS, & BORRON, P.A.
Co-Counsel for Plaintiff
255 University Drive
Coral Gables, Florida 33134
Telephone No.: (305) 461-5100

Telefax No.: (305) 461-8642

and

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
255 University Drive
Coral Gables, Florida 33134
Telephone No.: (305) 461-5100
Telefax No.: (305) 461-8642

By: ____________________
JORGE DIAZ-CUETO, ESQUIRE
Florida Bar No.: 143367

# *EXHIBIT A*










QUALITY
SERVICES

You will pay the vendor directly and full payment will be required at the time of uniform pick-up. The vendor handling our uniforms is:














QUALITY
SERVICES

**You will pay the vendor directly and full payment will be required at the time of uniform pick-up. The vendor handling our uniforms is:**





# *EXHIBIT B*

**Congratulations on your new employment with Quality Services!!! In order to ensure expediency in your employment process the following requirements must be met:**

1. **Drug Test**
   **You will be required to take a drug test immediately. They accept walk-ins on Monday thru Friday between the hours of 0730-1600. The clinic that is doing the test is:**
   **National Health Laboratories**
   **3146 Coral Way**
   **Miami, Fl.**
   **(305) 443-6535**

2. **Background check / Police report**
   **You will be required to supply Quality with a Metro-Dade background check/police report. They do not accept walk-ins, you are required to make an appointment. Appointments are available on Monday thru Friday between 0900-1130 or 1300-1400. You will be required to have a valid picture I.D. and pay $5.00 (cash only). To schedule an appointment call 876-7373 or you can use a police station in your vicinity.**

3. **Passport Photos** COLOR
   **You will need to obtain 3 passport photos. They must be taken and available to us as soon as possible.**

4. **Uniform**
   You must purchase the following uniform items:

| | | |
|---|---|---|
| Pants (at least 3 pairs) | Black, pleated, all polyester | $32.50 ea. |
| or | Black, pleated, tropical blend | $58.95 ea. |
| Shirts (at least 2 pairs) | White, aviator, 55% cotton | $20.95 ea. |
| or | White, aviator, 35% cotton | $19.95 ea. |
| Jacket | Black, with Quality logo | $32.95 ea. |
| Sweater (optional) | | $30.00 ea. |
| Epilets (at least 1 set) | | $8.00 ea. |
| Hat (with mesh cover) | | $31.45 ea. |
| Gold strap (for hat) | | $6.00 ea. |
| Black mesh cover (if you already have a black hat base) | | $11.50 ea. |

You will pay the vendor directly and full payment will be required at the time of uniform pick-up. The vendor handling our uniforms is:

The Field Shop
4551 NW 36 St.
Miami Springs, Fl.
(305) 887-4112

**It is imperative that you comply with all of the above requirements. If we can be of any assistance or if you have any questions call 876-9453. Thanks for your cooperation.**